IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :
JOSE MONSERRATE SEDA IRIZARRY :      CASE NO. 05- 01396 (SEK)
AWILDA ALMODOVAR MARIN

    DEBTORS                       :      CHAPTER  7
------------------------------------
JUAN VEGA MARTIN, VIRELI RIOS :
and their conjugal partnership

    PLAINTIFFS                    :      ADV. PROC. 06- 0128

        V.                     :
WILFREDO SEGARRA MIRANDA,
CHAPTER 7 TRUSTEE, JOSE             :
MONSERRATE IRIZARRY, and
AWILDA ALMODOVAR MARIN              :

    DEFENDANTS                    :
------------------------------------

**FILED & ENTERED**

**MAR 2 2 2007**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER



The issue at hand is whether Debtors' property is encumbered with a $7,000.00 lien in favor of Plaintiffs, pursuant to 11 U.S.C. § 365(j).  Claiming there are no facts in dispute, Plaintiffs ask for the entry of judgment summarily.  Celotex v. Catrett 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 263 (1986).  The Chapter 7 Trustee opposes.  For the reasons that follow, we deny Plaintiffs' request.

The following facts are undisputed.  On December 27, 2004, Plaintiffs and Debtors executed a document designated as an Option Agreement.  The object of such agreement was the purchase and sale of a 2000 sq. meter parcel of land owned by Debtors, located at Caimito Ward, San Juan, Puerto Rico.  Plaintiffs delivered $7,000.00 of earnest money.

1

On February 15, 2005, Debtors filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code. The case was converted to Chapter 7 on October 20, 2005[1], and, Wilfredo Segarra was appointed Trustee.

The sale of the property never took place. Debtors did not schedule the agreement as an executory contract, and did not assume the contract. They also did not return the earnest money to the Plaintiffs.

## Discussion

Section 365(j) states that "a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid". 11 U.S.C. § 365(j).

Relying on this section, Plaintiffs argue the following. The option agreement is an executory contract.[2] Debtors did not list the same in their bankruptcy schedules. The Chapter 7 Trustee did not reject the contract. Thus, we should deem the



---

[1] Fed. R. of Bankr. P. 1017(f).

[2] The Code does not define the term executory contract. However, the most commonly cited definition is the one provided by Professor Vern Countryman: "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Vern Countryman, *Executory Contracts in Bankruptcy*, Part I, 57 Minn. L. Rev. 439, 460 (1973).

2

contract rejected, allow a secured claim in the amount of $7,000.00 in favor of Plaintiffs, and grant an additional sum for damages.

The Trustee objects, claiming that factual controversies surrounding the existence of the contract at the time the bankruptcy petition was filed preclude entry of judgment at this stage of the proceedings.

The following paragraphs of the agreement are pertinent to the present controversy:

> That the Sellers and Purchasers have agreed to effect the sale of the above mentioned property for the price of $100,000.00.
>
> That the Sellers confess they have received the amount of $7,000.00 from the Purchasers whereby this document constitutes receipt and evidence of payment.
>
> **That this option is conditioned to the obtention by the Purchasers of a mortgage loan of $252,000.00 for which the Sellers give the Purchasers a term of 30 days commencing from the date of the execution of this contract to accomplish the foregoing.**

(Our emphasis).



The issue then, is whether there was an agreement at the moment the petition for bankruptcy was filed. We look to the laws of the Commonwealth of Puerto Rico in solving this matter because: (1) the transaction was consummated here, (2) parties reside here or are authorized to do business in Puerto Rico, and (3) the petition for bankruptcy was filed in this jurisdiction.[3]

---

[3] Whether a specific contract is executory and therefore subject to rejection in bankruptcy is a question of federal law. *In re Leefers*, 107 B.R. 24, 25 (Dist, C.D. Ill. 1989). Once the court determines the contract is executory, state law comes into play to determine the relationship of the parties. *Id.*

Here, the parties executed the agreement on December 27, 2004. As per the aforementioned paragraphs, the purchasers were given 30 days to render performance, that is, to obtain financing in the amount of $252,902.00. The 30 day period began to run on the date the contract was executed. The petition for bankruptcy was filed on February 15, 2005. The record is devoid of any evidence regarding financing, or of any extension thereof. Therefore, we cannot ascertain whether the contract's condition precedent was met, causing the contract to be in full force and effect at the time the petition was filed.[4] The only reference is Plaintiffs' allegation that the contract of purchase and sale was not executed partly because Debtors' filed their bankruptcy petition, but the bankruptcy petition was filed after the 30 day period had transpired.

Wherefore, the request for summary judgment is denied. The parties will file a joint pretrial report in 30 days. After the filing of the report, a conference call will be scheduled to set a trial date. The Clerk will follow up.

**SO ORDERED**, in San Juan, Puerto Rico, on March 22, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[4] "The condition that a certain event shall happen within a fixed period, shall extinguish the obligation from the time the period lapses or when there is no doubt that the event will not take place." 31 Laws of P.R. Ann. § 3045

4